**NOT RECOMMENDED FOR FULL TEXT PUBLICATION**
File Name: 09a0172n.06
Filed: March 3, 2009

No. 07-2104

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JOSEPH M. WRIGHT,
   *Plaintiff, Appellant*

               On Appeal from the United States District
               Court for the Eastern District of Michigan

    v.

CHARLES DUNN ET AL,
   *Defendants, Appellees*

_____/

**BEFORE:  KENNEDY, NORRIS, and COLE, Circuit Judges**.

**PER CURIAM.**  Plaintiff Joseph M. Wright appeals (1) the district court's March 22, 2007 order dismissing his claims against defendants Little Rock Baptist Christian Care, Rev. C. James Holley, and Michael Langnas;  (2)  the district court's July 6, 2007 order granting the remaining defendants' motion to dismiss for failure to state a claim; and (3) the district court's August 7, 2007 order denying plaintiff's proposed amendments and dismissing his tortious interference claim. Plaintiff filed a complaint against defendants Charles Dunn, C. James Holley, Metro Management Team, Inc., Little Rock Baptist Christian Care, Inc., and Little Rock Baptist Christian Care Board of Directors alleging (1) violations of Racketeer Influenced and Corrupt Organizations Act,  18 U.S.C. §§ 1961 and 1962; (2) RICO, based on 18 U.S.C. § 1962(c); (3) Slander, Libel, and for Conspiracy under 18 U.S.C. § 1962(c); (4) Malfeasance, Nonfeasance, Breach of Fiduciary Duties and Fraud; and (5) Breach of Contract and Breach of Implied Contractual Duty of Loyalty, Good

Faith and Fair Dealing. The district court properly dismissed all of Wright's claims in three final orders, which we will address in turn.

The district court's March 22, 2007 order carefully analyzed Wright's allegations against defendants Little Rock Baptist Christian Care (LRC), Rev. C. James Holley, and Michael Langnas, all of whom had filed motions to dismiss pursuant to FED. R. CIV. P. 9(b) and 12(b)(6). The district court dismissed Counts I and II for failure to allege the required elements of a RICO claim. It found Wright's complaint to be "devoid of any facts from which this Court could reasonably infer that the conduct of the Defendants constitutes a pattern of racketeering activity in violation of RICO." The court dismissed Court III, noting that Wright had "not pled facts which support any element of his libel and slander claims." As to Counts IV and V, the court found that plaintiff's claims against Holley for malfeasance, nonfeasance, and breach of his fiduciary duties as an officer of the corporation could not be brought by a shareholder (plaintiff's status) but only by a derivative shareholder against the corporation. Furthermore, the court found that Wright failed to allege any acts of Holley that could lead to liability if there were a derivative action. Accordingly, the court properly granted defendants' motions to dismiss Counts IV and V. As a result, the court dismissed defendants Holley, Lagnas, and LRC.

In the district court's July 6, 2007 order, the court addressed the plaintiff's same five claims, this time pursuant to a motion to dismiss filed by the remaining defendants: Charles Dunn, Sandra Bowman, Metro Management, Inc. ("Metro"), and Bettie Cotton. The court dismissed Wright's Count I and II RICO claims as to the remaining defendants, finding that plaintiff had failed to plead facts sufficient to allege the existence of predicate offenses or an enterprise – two essential elements of a RICO claim. Recognizing that plaintiff had withdrawn Count III from his amended complaint,

the district court dismissed the slander, libel, and conspiracy claims contained in Count III. Because Wright failed to specify any false statements made to him by any of the remaining defendants, the district court dismissed Count IV for failure to allege with sufficient particularity the facts required for a fraud claim. Finally, the Court dismissed the breach of contract, breach of implied contractual duty of loyalty, good faith and fair dealing claims contained in Count V for failure to allege facts sufficient to state a claim. In so holding, the court found that Wright did not plead any of the elements necessary to a breach of contract claim and that "his single sentence allegation concerning Dunn's breach of duties to LRC fails to set forth the material elements" of a claim for breach of loyalty, good faith and fair dealing. Additionally, the court addressed a motion filed by plaintiff to amend his complaint. Under Fed. R. Civ. P. 15(a), the court properly denied plaintiff's request to amend his complaint to include Holley and three new parties, holding that "[t]o allow Plaintiff to amend his complaint would be futile." Finding that plaintiff's proposed tortious interference claim was "viable," the court allowed plaintiff to amend his complaint to include that complaint.

Finally, in its August 7, 2007 order, the court dismissed plaintiff's tortious interference claim because Wright had failed to file an amended complaint by the specified deadline. Upon dismissal of plaintiff's tortious interference claim, plaintiff's only remaining claim, the district dismissed plaintiff's case case "in its entirety."

We have carefully reviewed the parties' briefs, the applicable law, and the record before our Court, and we agree that Wright's claims were properly dismissed. Because the district court's decision is well-reasoned, we see no reason to embellish upon the district court's opinions. Therefore, we AFFIRM the district court's dismissal of plaintiffs' claims for the reasons stated in the district court's orders issued on March 22, 2007, July 6, 1007, and August 7, 2007.

3